UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR PEARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1827 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on Lamar Pearson's motion to vacate, set aside, or correct sentence by a person in federal custody, filed on a court-form for bringing claims under 28 U.S.C. § 2255. As discussed below, in actuality, Pearson challenges not the validity of his sentence but the execution of his sentence, and therefore his claims are more appropriately interpreted as ones brought under 28 U.S.C. § 2241. Furthermore, the Court will order petitioner to show cause as to whether he has exhausted his administrative remedies through the Bureau of Prisons ("BOP") before bringing this matter before the Court.

**Background**

On January 4, 2013, petitioner was arrested for the offense of drug trafficking in the second degree and charged in the Circuit Court of St. Louis, Missouri. *See State v. Lamar A. Pearson*, No. 1322-CR00100-01 (22nd Jud. Cir. Jan. 4, 2013). Based on the same conduct, petitioner was charged in this federal court with possession with intent to distribute cocaine base. *See U.S. v. Pearson*, No. 4:13-CR-184-CDP (E.D. Mo. May 15, 2013) (hereinafter "*Pearson I*"). At the time that petitioner committed the offense charged, he was on parole from a previously imposed life

sentence for murder in the second degree and armed criminal action from the St. Louis, Missouri Circuit Court (Docket No. 901-1762). *See Pearson I*, ECF No. 56.

On November 25, 2013, petitioner was sentenced in this Court to seventy-one (71) months, followed by a three (3) year term of supervised release, to "run concurrently with any sentence imposed under Docket No. 1322-CR00100-01, and consecutively to any sentence imposed regarding the defendant's parole under Docket No. 901-1762, which is pending revocation." *Pearson I*, ECF No. 46 at 2. Petitioner remained in state custody at the time this sentence was imposed. On August 21, 2014, petitioner was sentenced in state court to ten (10) years in Docket No. 1322-CR100-01. On November 23, 2015, this Court reduced petitioner's federal sentence from seventy-one (71) to fifty-seven (57) months imprisonment to "run consecutively to the sentence imposed in Docket No. 901-1762." *Pearson I*, ECF No. 53 at 1.

Petitioner argues in his habeas petition that he has served his entire federal sentence from *Pearson I*, and he requests a formal discharge of this sentence. According to petitioner, his federal sentence of fifty-seven (57) months began running on November 25, 2013, and ran concurrent with his ten (10) year sentence in his state case, which started August 27, 2014. ECF No. 1-1 at 2. Petitioner states that since "[T]HERE IS NO SENTENCE BEING SERVED FOR ANY REVOCATION," he has completed the full fifty-seven (57) month term and it should be discharged. *Id.* at 4. Petitioner brings this issue before the Court now because he "was just served a detainer that states a U.S. Marshal hold, to begin a federal sentence with no jailtime applied." ECF No. 1 at 4.

**Discussion**

*I.     Proper Habeas Statute for Requested Relief*

Both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 confer jurisdiction over habeas petitions filed by federal inmates challenging their convictions or sentences. "The exact interplay between § 2241 and § 2255 is complicated." *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir. 2012). However, the Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence … [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241" instead of under section 2255. *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976). In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," the Eighth Court has held that such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. s 2241." *U.S. v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

Here, petitioner has filed his application for writ of habeas corpus on a petition used for submitting § 2255[1] claims for relief. However, a review of his claims reveals that he is challenging the execution of his federal sentence, not its legality. Specifically, petitioner asserts that he is currently serving his state ten-year sentence and that his federal sentence should be running concurrently with that sentence. According to petitioner, he has been confined on the concurrent state sentence for more than fifty-seven (57) months such that his federal sentence should be

---

[1] Habeas claims brought under 28 U.S.C. § 2255 are for prisoners in federal custody (versus habeas claims under 28 U.S.C. § 2254 which are for prisoners in state custody); however, as discussed below, petitioner is not currently in federal custody. For this additional reason, petitioner's claims are not appropriately brought under § 2255.

3

complete. Such a claim is more properly brought pursuant to 28 U.S.C. § 2241, and the Court will analyze petitioner's claims under that statute.

II. *Requested Relief of Federal Sentence Discharge*

In both his habeas petition and a recent letter filed in *Pearson I*, petitioner claims that he did not receive any sentence for parole revocation in Docket No. 901-1762 and that he is currently serving his ten-year sentence for his state charge from Docket No. 1322-CR00100-01. *See Pearson I*, ECF No. 57 at 1-2. The United States District Court Probation Office disagrees. After petitioner sent the Probation Office a letter based on the arguments made in his habeas petition, the Probation Office filed a letter in *Pearson I* explaining the calculation of petitioner's jail time. *See Pearson I*, ECF No. 56. In that letter, the Probation Office states that after petitioner was sentenced in state court on August 21, 2014, to ten (10) years in Docket No. 1322-CR100-01, he remained in state custody until August 27, 2014, when he was returned to the Missouri Department of Corrections for parole revocation in Docket No. 901-1762. According to the Probation Office, petitioner is currently in state custody serving his sentence in Docket No. 901-1762 and that petitioner's "federal sentence cannot begin until completion of the sentence in Docket No. 901-1762." *Pearson I*, ECF No. 56 at 2. As stated at petitioner's sentencing, his fifty-seven (57) month federal sentence in *Pearson I* runs consecutively to any sentence imposed regarding his parole revocation. So if petitioner is still serving his parole revocation sentence, then his *Pearson I* sentence has not yet begun to run.

Regardless of the dispute between petitioner and the Probation Office as to which state sentence petitioner is currently serving, administrative procedures exist within the BOP for resolution of claims such as those raised by petitioner here. S*ee* BOP's Administrative Remedy Program, 28 C.F.R. § 542.10 *et seq*. In fact, under 18 U.S.C. § 3621, the BOP possesses

4

discretionary authority to designate a state facility as a place for federal confinement either in advance of prisoner placement or through a *nunc pro tunc* order designating the state facility after the fact. *See, e.g., Dunn v. Sanders,* 247 Fed. Appx. 853, 854 (8th Cir. 2007). However, the BOP cannot act as a de facto sentencing authority. *Setser v. U.S.*, 566 U.S. 231, 239 (2012).

These BOP remedies must be exhausted by petitioner before filing suit in this Court. *See Mathena v. U.S.*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.") (citing *U.S. v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam); *Rogers v. U.S.*, 180 F.3d 349, 357 (1st Cir. 1999)). Petitioner must first pursue relief through the BOP program, then if he is displeased with the BOP's resolution of his claim, he can seek review of the BOP's decision by filing a petition for writ of habeas corpus under § 2241 in the appropriate district court. *Id.*

Here, petitioner states in his motion that the "Bureau of Prisons was to effectuate[] a Nunc Pro Tunc Designation," but petitioner does not allege that he made a *nunc pro tunc* designation request to the BOP before filing his habeas petition. ECF No. 1-1 at 3. Petitioner does not assert that he has exhausted his available administrative remedies before bringing this action. Under Rule 4 of the Rules Governing Habeas Corpus Cases in the United States District Courts, a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.[2] The Court will order petitioner to show cause in writing as to whether he has exhausted his available administrative remedies in order to avoid dismissal of this matter.

Accordingly,

---

[2] Although this rule is titled as one "Governing § 2254 Cases," Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)").

**IT IS HEREBY ORDERED** that petitioner Lamar Pearson shall file a notice with the Court within **twenty-one (21) days** of this Order, explaining what steps he has taken to exhaust his administrative remedies with the BOP on the issues raised in his habeas petition, including any relevant documentation.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 1st day of August, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE