**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAMAR PEARSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1827 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On June 24, 2019, Lamar Pearson filed a court-form motion to vacate, set aside, or correct sentence by a person in federal custody brought under 28 U.S.C. § 2255. However, after review of the motion, the Court found that in actuality, Pearson was challenging not the validity of his sentence but the execution of his sentence. Such claims are more appropriately brought under 28 U.S.C. § 2241. On August 1, 2019, the Court ordered Pearson to file a notice with the Court explaining what steps he has taken to exhaust his administrative remedies with the Bureau of Prisons ("BOP") on the issues raised in his petition, before he filed suit in this Court. ECF No. 2. The Court cautioned Pearson that his failure to timely comply with the Court's show cause order could result in the dismissal of his case. Pearson's response was due by August 22, 2019.

To date, Pearson has neither responded to the Court's order, nor sought additional time to do so. Pearson was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Pearson's failure to comply with the Court's August 1, 2019, order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order). Accordingly,

**IT IS HEREBY ORDERED** that Lamar Pearson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED** without prejudice. An order of dismissal will be entered separately.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Dated this 3rd day of September, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE